David O. **Sablan**,
Plaintiff/Appellant,

v.

Kenneth **Blake**, a.k.a. Khalid Abdullah Islam,
Town House, Inc., and L&T International
Corporation,
Defendants/Appellees.
Appeal No. 97-007
Civil Action No. 94-1261
July 24, 1998

Argued and Submitted June 24, 1998

Counsel for appellant: Reynaldo O. Yana, Saipan.

Counsel for appellee L&T International Corp.: Steven P. Pixley, Saipan.

Counsel for appellee Town House, Inc.: James S. Sirok, Saipan.

BEFORE: TAYLOR, Chief Justice, ONERHEIM, Justice Pro Tem, and MACK, Special Judge.

TAYLOR, Chief Justice:

¶1 ▇ Plaintiff/appellant David O. Sablan ("Sablan") appeals the Superior Court's order dated October 4, 1996, finding in favor of defendants/appellees Town House, Inc. ("Town House") and L&T International Corporation ("L&T"). We have jurisdiction pursuant to 1 CMC §3102(a).[1] We affirm.

### ISSUE PRESENTED AND STANDARD OF REVIEW

¶2 ▇ We are asked to determine whether the Superior Court erred, as a matter of law, in determining that the appellees were not liable because Kenneth Blake ("Blake") acted as an independent contractor. We review the Superior Court's findings of fact under the clearly erroneous standard. *Camacho v. L&T Int'l Corp.*, 4 N.M.I. 323, 325 (1996). After reviewing all the evidence, we will not reverse unless we are left with a firm and definite conviction that a mistake has been made. *Id.*

### FACTS AND PROCEDURAL BACKGROUND

¶3 On Thanksgiving morning, November 24, 1994, Sablan voluntarily entered the Townhouse Game Room in

---

[1] This Court also has jurisdiction pursuant to Legislative Initiative 10-3, ratified on November 1. 1997, and certified by the Board of Elections on December 16. 1997.

Chalan Kanoa ("game room"), located adjacent to Kentucky Fried Chicken ("KFC"). He played the Sigma Poker Machine for about an hour. He lost approximately $400 that morning. When Blake, who was providing security and other managerial duties for the game room, entered the premises, he noticed an overturned ash tray, cigarette butts, and debris next to the poker machine Sablan was playing. Blake asked to speak to Sablan outside, but Sablan refused, saying "Jesus Christ! Please don't bother me, Iai, I'm losing!"[2] Blake then asked Sablan to leave, relying on the posted policy that "the management reserves the right to refuse service"[3] and signs stating "please use the ash tray."[4] Sablan refused, and continued to play the poker machine after Blake had asked him to leave. Blake then called the police who asked Sablan to leave. Before he left, he had placed 20 bets into the poker machine, and was not permitted to reenter the game room to finish his game. At a quarter a bet, 20 bets is the equivalent of five dollars. Even though there was conflicting testimony presented as to whether Sablan's bet had been returned, the facts, as found by the trial judge are that "the evidence presented indicates that the money remaining in the machine following [Sablan's] departure was returned to [Sablan]."[5]

¶4 Five days later on November 29, 1994, Sablan filed a civil complaint against Blake, Townhouse, and L&T Corporation, alleging three separate causes of action: (1) breach of contract; (2) violations of the Consumer Protection Act, 4 CMC §5103; and (3) false imprisonment; and seeking approximately $640,000, representing what Sablan had alleged was the maximum amount of winnings he could have made by doubling his bets on the poker machine.

¶5 A bench trial was held on October 1, 1996. At the conclusion of Sablan's evidence, the court dismissed counts (2) and (3) pursuant to Rule 52 of the Commonwealth Rules of Civil Procedure. At the conclusion of the evidence presented by all parties, the court found in favor of Town House and L&T, ruling from the bench that Blake was an independent contractor and, therefore, appellees were not liable for his actions.[6] Sablan timely appealed.

---

[2] Excerpts of Record ("E.R") 43, pg. 8, lines 21-22.

[3] E.R. 43, pg. 134, lines 12-13.

[4] E.R. 43, pg. 128, lines 1-2.

[5] *Sablan v. Blake*, Civil Action No. 94-1261 (N.M.I. Super. Ct. Feb. 10, 1997) (Order at 1).

[6] *Sablan v. Blake*, Civil Action No. 94-1261 (N.M.I. Super. Ct. Oct. 4, 1996) (Order at 1).

ANALYSIS

## I. Independent Contractor

¶6 ▊ Sablan argues that it was error for the Superior Court to decide that Blake was an independent contractor, and not an agent of L&T and Town House. On appeal, he urges this Court to reverse, and to hold appellees liable for Blake's conduct on an agency theory. Sablan asks this Court to review the Superior Court's October 4, 1996, order which states, in its entirety, "[f]or the reasons set forth in open court this date, Judgment shall be and is hereby entered in favor of Defendants Town House Incorporated and L & T International Corporation."[7] Counsel for appellant, however, has failed to comply with Com. R. App. P. 10(b) by failing to provide this Court with that portion of the trial transcript in which the court states its findings and order. The Superior Court's written order was entered based on "the reasons set forth in open court";[8] without the transcript, this Court has no way of reviewing the Superior Court's decision. Because the record on appeal is not properly assembled, we cannot review the Court's reasoning in dismissing the complaint as against L&T and Town House. Therefore, finding no error, we affirm the judgment of the Superior Court.

## II. Request for Attorneys Fees and Costs

¶7 ▊ In addition, pursuant to Com. R. App. P. 38(a), appellees request attorneys fees and costs for Sablan's filing of a frivolous appeal. "If this Court determines that an appeal is frivolous, it may award just damages and single or double costs to the appellee, including reasonable attorney's fees." Com. R. App. P. 38(a). A frivolous appeal "is one in which no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed."[9]

¶8 ▊ At oral argument, counsel for appellant was informed that the record was not properly assembled and that the entire proceedings were not included in this appeal. Without the record, the Court was left to speculate at best, or guess, at worse, the lower court's reasoning behind its ruling. Because of this error, we find this appeal to be frivolous, in that it is completely devoid of merit with little prospect that it could have succeeded. Consequently, Sablan's appeal does not meet the standards of merit and good faith as required by Com. R. App. P. 38.

---

[7] *Id.*

[8] *Id.*

[9] *Commonwealth v. Kawai*, 1 N.M.I. 66, 72 n.4 (1992).

Accordingly, we will grant Sablan thirty days in which to show cause why he should not be taxed attorneys fees and double costs incurred in connection with this appeal, and why both Sablan and his counsel should not be held jointly and severally liable for this sanction. After receiving Sablan's submission, L&T and Townhouse shall have seven days to file any response. Upon receiving these papers, the Court shall issue a final ruling regarding attorneys fees and costs.

## CONCLUSION

¶9    Based upon the reasons set forth in this opinion, we hereby **AFFIRM** the decision of the Superior Court. Appellees' request for attorneys fees and costs is **GRANTED**. Appellees' are **ORDERED** to submit, within fourteen days of this opinion, a statement of attorneys fees and costs. Sablan is further **ORDERED** to show cause, within thirty days of this opinion, why he should not be taxed double attorney fees and costs for filing this frivolous appeal. Appellees' shall have seven days to file a response, if any.